TASSE v KAUFMAN

NEGLIGENCE—MALPRACTICE—EXPERT TESTIMONY—DIRECTED VERDICT.
A directed verdict was properly entered in favor of a defendant dentist in an action for malpractice where the plaintiff claimed the dentist "poked a hole" into her maxillary sinus permitting bacteria to enter and infect it but where, even if penetration had occurred, there was no expert testimony that it was negligent for the dentist to do so; lack of professional care was not so manifest that expert testimony was unnecessary.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 June 10, 1974, at Detroit. (Docket No. 16386.) Decided August 12, 1974.

Complaint by Bette Tasse against Dr. Myron Kaufman and Bloom Associates for damages for malpractice. Directed verdict for defendants. Plaintiff appeals. Affirmed.

*Ripple & Chambers, P. C.* (by *John J. Grech*), for plaintiff.

*Harvey, Kruse & Westen, P. C.* (by *James D. Hunter* and *James N. Martin*), for defendants.

Before: J. H. GILLIS, P. J., and ALLEN and ELLIOTT,* JJ.

ELLIOTT, J. Plaintiff appeals a directed verdict for defendant dentist and his professional corpora-

REFERENCES FOR POINTS IN HEADNOTE
61 Am Jur 2d, Physicians and Surgeons § 209.
Liability of dentist to patient. 83 ALR2d 7.
* Circuit judge, sitting on the Court of Appeals by assignment.

tion. While a variety of claims were pleaded, plaintiff narrowed trial to a single issue: whether, during oral surgery, defendant dentist "poked a hole" into the maxillary sinus permitting bacteria to enter and infect it. The only witnesses were defendant dentist, called under the statute and court rule, and an osteopathic physician specializing in nuclear medicine (not involved in this case) who treated plaintiff for a painful and disabling strep infection that he believed was occasioned by the defendant's oral surgery. Plaintiff died before trial. Her death was not related and her case survived.

The defendant dentist described how he cut and pushed back the gum tissue on the toothless roof of plaintiff's mouth between the sites of bicuspids, removed nine months earlier, and filed off two or three millimeters of bone ridges to smooth the surface so the dentures would fit more comfortably. He said that occasionally the sinus is invaded in that type of operation, but awareness of the condition is immediate. That did not happen to plaintiff. Where he was working, the bone separating the sinus from the mouth is relatively thick. The only evidence from any witness about nonadherence to the applicable standard of care was his answer, "In this instance, no", when asked by plaintiff's lawyer: "Doctor you wouldn't say that it would be part of the normal surgical procedure that you performed to invade the maxillary sinus would you?"

The physician treating plaintiff's sinusitis surmised that an invasion of the sinus occurred during the oral surgery because of the immediate severe infection with pus draining from sutures in her mouth. He could not determine the location of the hole into the sinus. He knew that roots of some bicuspids, canine, and molar teeth sometimes

enter the sinus and leave a hole when removed. The separating bone could become thin by atrophy in the absence of teeth. When asked if he could say with any degree of medical certainty whether the sinus infection was primary (caused by surgery) or secondary (resulting without direct contact) he said "Well, I guess not".

It could be logically inferred that the infection, and its treatment, pain, and disability, resulted in some way from the oral surgery, but it would be conjectural to conclude that the dentist negligently penetrated the sinus. The hole is plausibly explained as being left by extracted teeth uncovered during the surgery. Moreover, the infection might have been secondary and could have existed before the surgery. Even if penetration occurred, there was no expert testimony that it was negligent for defendant to do so.

This is not a case, such as *Higdon v Carlebach,* 348 Mich 363; 83 NW2d 296 (1957), where lack of professional care is so manifest that expert testimony is unnecessary.

Our agreement with the trial judge makes discussion of another issue pointless.

Affirmed.

All concurred.